IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PAIGE BELOATE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No |
| | ) | |
| LOUIS DEJOY, Postmaster General, | ) | Jury Trial Demanded |
| United States Postal Service | ) | |
| Serve: Certified Mail Return Receipt | ) | |
| Requested to US Attorney's Office | ) | |
| Western District of Missouri | ) | |
| Room 5510 | ) | |
| 400 E. 9th Street | ) | |
| Kansas City, MO 64106 | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

COMES NOW Plaintiff, Paige Beloate, by and through her counsel of record, Andrew R. Klonowski, and brings this cause of action pursuant to Federal Rule of Civil Procedure 15(a), because of the illegal actions of Defendant Louis DeJoy, in his capacity as Postmaster General, United States Postal Service (hereinafter referred to as "USPS" or "Defendant"). Plaintiff for her cause of action states as follows:

JURSIDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331.

2. This cause of action is brought to recover damages for unlawful employment practices which abridge Plaintiff's rights under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000(E) et seq., the Rehabilitation Act of 1973, as amended subsection (g), 29 U.S.C. §791 et seq., and the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. 12111 et seq., for discrimination based on disability, hostile environment, and retaliation.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The acts and omissions giving rise to this action occurred in the Western District of Missouri.

FACTS COMMON TO ALL COUNTS

4. At all times relevant to this Complaint, Plaintiff, a Caucasian female and single mother, was employed as a City Carrier at the St. Joseph Post Office in St. Joseph, Missouri.

5. On July 22, 2020, Plaintiff was seen by a licensed professional counselor, Jackie Moser, and diagnosed with Post Traumatic Stress Disorder (PTSD).

6. Ms. Moser provided Plaintiff with a "Letter to Supervisor" for USPS describing her condition and advising that "Ms. Beloate has endured some very traumatic things in her past that are preventing her from wearing the mask." Ms. Moser recommended, instead, that Plaintiff be allowed to wear a face shield and be allowed to take breaks as needed.

7. Following her consultation by Ms. Moser, Plaintiff advised Defendant of her condition and was allowed to continue working without a face covering until she was provided a face shield.

8. After obtaining a face shield, Plaintiff was allowed to remove her face shield as needed for her disability.

9. Once Jeffrey Crisafulli was hired as Officer-In-Charge and her direct supervisor, Plaintiff's prior accommodation was immediately and unilaterally revoked.

10. On Feburary 10, 2021, Plaintiff was approached by Mr. Crisafulli and questioned as to why she was not wearing a face mask.

11. Plaintiff responded that she had an exemption and was put off the clock.

12. On February 13, 2021, Plaintiff returned with a face shield. Despite was called into Mr. Crisafulli's office, where she was verbally reprimanded for violating Defendant's face mask policy and was sent home.

13. Plaintiff was removed from the Schedule (put off the clock) and not allowed to work until May 10, 2021.

14. Plaintiff was then given no opportunity to perform her job duties for Defendant.

15. While she was put off the clock, Plaintiff was forced to use PTO she had accrued and to borrow PTO that she would accrue in the future, in order to have any income, and to retain her employer-based health insurance.

16. On February 18, 2021, Plaintiff received and provided to Defendant a letter from another licensed professional counselor, Lisa Fisher, again noting that Plaintiff required an exemption from Defendant's mask mandate because of her PTSD diagnosis and because of "a history of physical assault and multiple physical symptoms including passing out when oxygen is restricted."

17. Ms. Fisher also noted that Plaintiff's condition required that she be restricted to no more than 9 hour days and a 45 hour work week, with the flexibility to be able to pick up her children from daycare by 5:30 p.m.

18. On February 19, 2021, Plaintiff filed a complaint with Defendant, alleging that she was put off the clock for requesting a reasonable accommodation.

19. Plaintiff was officially diagnosed with Chronic PTSD by a physician on April 23, 2021.

20. On May 10, 2021, Plaintiff was allowed to return to work but was not allowed to enter the building, preventing her from performing all of her job duties.

21. Plaintiff was told that her route would be "cased" for her, meaning that another employee would collect her mail for delivery and get it ready for her to deliver.

22. Plaintiff was told to pick up her route at the loading dock at 10:00 a.m. and was given 8 hours of delivery duties.

23. On May 10, 2021, when Plaintiff returned to work, she was singled out by her supervisor, Crisafulli, who yelled at her in the lot in front of everyone and instructed other employees not to talk to her.

24. Plaintiff was then tracked down on her route and again confronted by Crisafulli, where she was given a letter instructing her to go on light duty because of her disability restrictions.

25. On the following day, Plaintiff was told that she would have to carry more mail than she was able to deliver within the time constraints recommended by her physician, and that if she failed to complete that task, she would be disciplined.

26. At the same time that Plaintiff was put off the clock for requesting an accommodation to the USPS mask mandate, Defendant failed or refused to adhere to or enforce the mask mandate as it related to any other employees.

27. On May 19, 2021, Plaintiff timely filed a formal EEO complaint alleging USPS discriminated against Plaintiff in violation of her rights under Title VII 42 U.S.C. § 2000e-16 et seq., Rehabilitation Act of 1973, as amended subsection (g), 29 U.S.C. §791 et seq. and the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. 12111 et seq with respect to the claims stated below.

28. Plaintiff was constructively discharged.

29. Pursuant to 29 C.F.R. §1614.110, USPS issued its Final Decision regarding Plaintiff's complaint on December 3, 2021, finding no discrimination and violation of Plaintiff's rights as alleged in the complaint.

30. Plaintiff received the decision by mail on December 13, 2021. USPS informed Plaintiff in its Final Decision that Plaintiff had the right to file a civil action in the appropriate United States District Court with respect to the Final Decision within 90 days of receipt of the Decision.

31. Plaintiff has filed this Complaint within 90 days of receipt of the Final Decision and therefore has satisfied all of the prerequisites to file the current action.

## COUNT I – DISABILITY DISCRIMINATION

32. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 26 as if set forth fully herein.

33. Plaintiff's PTSD substantially limits at least one of Plaintiff's major life activities, and is therefore a disability under the Rehabilitation Act.

34. Plaintiff was disabled or was perceived as disabled by Defendant at the time she was put off the clock, until she was constructively terminated.

35. Plaintiff was fully qualified to be a City Carrier and was able to perform all the essential functions of the position.

36. Defendant was aware, at all times relevant, that Plaintiff had been diagnosed with chronic PTSD.

37. Defendant discriminated against the Plaintiff due to her disability.

38. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by

5

> reason of her or his disability, be excluded from the participation in,
> be denied the benefits of, or be subjected to discrimination under
> any program or activity receiving Federal financial assistance or
> under any program or activity conducted by any Executive agency
> or by the United States Postal Service.

39. Defendant's actions were severe and pervasive and altered the terms and conditions of Plaintiff's employment in that Plaintiff was singled out and criticized in front of other employees, was placed off the clock from February 13, through May 10, without pay, and was forced to start her normal shift later and end later, interfering with her ability to pick up her children from daycare.

40. Defendant did not require other employees without any alleged disability to violate the mask mandate without reprisal or made less restrictive accommodations.

41. While she was put off the clock, Plaintiff was forced to use PTO she had accrued and to borrow PTO that she would accrue in the future, in order to have any income, and to retain her employer-based health insurance.

42. Defendant's pervasive actions of discrimination towards Plaintiff based on disability were in violation of the Rehabilitation Act of 1973, as amended, and the Americans with Disabilities Act (ADA) of 1990, as amended.

43. As a direct result of Defendant's conduct stated in this petition, Plaintiff suffered compensatory damages.

44. Defendant's conduct has resulted in Plaintiff suffering mental anguish, non-economic damages, and other compensatory damages because of the discrimination to be determined at trial.

45. Defendant's illegal actions were intentional and willful which entitles Plaintiff to recover compensatory damages and reasonable and necessary attorney's fees, expert fees and the costs of the action to be determined at trial.

## COUNT II - RETALIATION

46. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 26 as if set forth fully herein.

47. Defendant retaliated against Plaintiff when Plaintiff opposed the ongoing disability discrimination and when she requested a reasonable accommodation.

48. The unlawful retaliation against the Plaintiff is in violation of Rehabilitation Act of 1973, as amended, and the Americans with Disabilities Act (ADA) of 1990, as amended.

49. Plaintiff was further retaliated against when she returned to work on May 10, 2021, when she was singled out and harassed.

50. Defendant's pervasive actions of discrimination towards Plaintiff based on disability were in violation of the Rehabilitation Act of 1973, as amended, and the Americans with Disabilities Act (ADA) of 1990, as amended.

51. As a direct result of Defendant's conduct stated in this petition, Plaintiff suffered compensatory damages.

52. Defendant's conduct has resulted in Plaintiff suffering mental anguish, non-economic damages, and other compensatory damages because of the discrimination to be determined at trial.

53. Defendant's illegal actions were intentional and willful which entitles Plaintiff to recover compensatory damages and reasonable and necessary attorney's fees, expert fees and the costs of the action to be determined at trial.

## JURY DEMAND

WHEREFORE, Plaintiff prays that this court enters judgment against the Defendant as follows:

(a) Award Plaintiff non-economic damages for mental anguish in an amount to be determined at trial;

(b) Award Plaintiff compensatory and equitable damages for Defendant's illegal conduct in an amount to be determined at trial;

(c) Award Plaintiff her reasonable and necessary attorney's and expert fees and the costs of this action in an amount to be determined at trial;

(d) Declare that the actions of Defendant stated in the petition are illegal and this Court issue Declaratory Relief to Plaintiff to the fullest extent of the law;

(e) Issue permanent injunctive relief to Plaintiff enjoining and restraining the Defendant from engaging in further discriminatory and retaliatory conduct; and

(f) Award Plaintiff any other and further relief as she may be justly entitled to receive.

Respectfully submitted,

MORTON, REED, COUNTS, BRIGGS & ROBB, L.L.C.

By  /s/ Andrew R. Klonowski
   Andrew R. Klonowski   #66010
   2301 Village Drive, Suite B
   St. Joseph, Missouri 64506
   Telephone: (816) 232-8411
   Fax: (816) 232- 8418
   aklonowski@mortonreedlaw.com

ATTORNEY FOR PLAINTIFF